```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NEW-HOWARD, ET. AL.                  :
                                     :
                      Plaintiffs,    :   CIVIL ACTION
                                     :
     v.                              :   NO. 11-cv-2855
                                     :
JP MORGAN CHASE BANK, N.A.,          :
                                     :
                      Defendant.     :

JOYNER, J.                                          AUGUST 12, 2014
                            MEMORANDUM
```

Before the Court are Plaintiff's Motion to Stay (Doc. No. 71), Defendant's Response thereto (Doc. No. 72), Plaintiff's Petition for Leave to File Amended Complaint (Doc. No. 75), and Defendant's Memorandum of Law in opposition thereto (Doc. Nos. 78, 79). For the following reasons, the Court hereby GRANTS in part and DENIES in part Plaintiff's Motion to Amend, and DENIES Plaintiff's Motion to Stay. An Order follows.

I.   BACKGROUND

Because the facts are well known to the parties and the Court, the Court summarizes here only those facts relevant to the instant motion. *Pro se* Plaintiffs Deonne New-Howard and Edgar Howard brought an action against JP Morgan Chase Bank, N.A. ("JPM"), for violation of various state and federal consumer protection laws. (Doc. No. 1). The allegations revolved around JPM's service of two mortgage agreements governing the Plaintiff's properties at 6856 Woolston Avenue, Philadelphia, PA (the "Woolston loan") and 5900 Addison Street, Philadelphia,

Pennsylvania 19143 (the "Addison loan"). In February 2013, the parties reached a settlement agreement regarding the Addison loan and Plaintiffs agreed to a dismissal with prejudice as to claims regarding the Addison loan. (Doc. No. 50 at 3).

The Court subsequently granted in part and denied in part JPM's Motion for Summary Judgment in November 2013. (Doc. No. 55). Plaintiffs were permitted to proceed with one claim for the Woolston Loan, under the "catchall" section of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 23 Pa. Stat. Ann. § 201-2(4)(xxi). Id. In February 2014, Plaintiff Ms. New-Howard's father, Kenneth New, and her husband, Edgar Howard, both passed away.

Since that time, the parties have rescheduled their arbitration hearing multiple times in order to engage in settlement conferences (Doc. Nos. 61, 64), petition the Court for further production of evidence by Plaintiffs (Doc. Nos. 68, 70), and confer with the Court regarding the status of the case (Doc. Nos. 73, 74). In June 2014, Plaintiff requested the Court to stay the present action for 90 days due to health complications she and her nephew, of whom she has custody, have experienced subsequent to Mr. Howard's death. (Doc. No. 71). The Court granted JPM's request for a telephonic settlement conference (Doc. No. 72). The parties did not reach a settlement agreement regarding the Woolston Avenue loan during that conference or

since that time. In July 2014, Plaintiff filed a Petition for Leave To File an Amended Complaint, (Doc. No. 75), which JPM opposes. (Doc. Nos. 78, 79).

In her Second Amended Complaint ("SAC"), Plaintiff asserts the claims and causes of action previously included in her Amended Complaint. Compare (Amended Complaint, Doc. No. 10) with (Second Amended Complaint, Doc. No. 75). In addition, she seeks to add the following new claims. As to the Woolston loan, Plaintiff adds facts regarding discussion between the parties as to a possible loan modification, as well as the substance of failed settlement discussions in front of the magistrate judge and the Court, and outside of court. (Doc. No. 75 ¶¶ 91-118). As to the Addison loan, Plaintiff asserts that Chase has not accepted Plaintiff's mortgage payments since February 17, 2014. (Doc. No. 75 at ¶ 12). Additionally, Chase "will not discuss anything with Plaintiff because, according to Chase, the settlement of the 'Addison Property' is in litigation according to Chase's records." Id. Plaintiff believes that Chase is refusing to accept her mortgage payments for the Addison property, and thus forcing that property into foreclosure, in retaliation for her not accepting their settlement offers regarding the Woolston Avenue loan. Id. at ¶ 19-20.

Plaintiff adds three new causes of action in her new complaint: Count Four, Breach of Settlement Agreement and Release

Regarding the Addison Property; Count Five, Breach of JPM's 2013 Settlement Agreement with various plaintiffs in a case in the District Court for the Southern District of Florida regarding accusations that JPM forced homeowners into over-priced property insurance; and Count Six, Retaliation/Harassment.

Defendant JPM opposes Plaintiff's petition to amend her complaint, and requests the Court to enter judgment in Defendant's favor on the one remaining claim under the UTPCPL and dismiss all claims with prejudice. (Doc. No. 79 at 35).

## II.  STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, after a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)2). "In the absence of substantial or undue prejudice to the nonmoving party – which 'is the touchstone for the denial of an amendment' – 'denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'" USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004)(citing Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)).

A motion to amend that adds a "substantially different legal theory," after the parties have conducted extensive discovery,

has been considered unduly prejudicial and untimely. Carter v. Nat'l R.R. Passenger Corp., 413 F.Supp.2d 495, 501 (E.D. Pa. 2005)(citing Berger v. Edgewater Steel Co., 911 F.2d 911 (3d Cir. 1990)). Such amendment has similarly been denied when "the matters sought to be added would unduly complicate the proceedings." Jenn-Air Products Co. v. Penn Ventilator, Inc., 283 F.Supp. 591, 596 (E. D. Pa. 1968).

Futility is analyzed under the same standard as a 12(b)(6) motion to dismiss - that is, leave to amend should be denied based on futility if the proposed amended complaint would fail to state a claim upon which relief can be granted. SmithKline Beecham Corp. v. Geneva Pharmaceuticals, Inc., 287 F.Supp.2d 576, 581 (E.D. Pa. 2002).

While the mere passage of time alone is insufficient ground to deny leave to amend, "[a]t some point, however, 'delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'" USX Corp., 395 F.3d at 167 (quoting Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001)). When a party delays making a motion to amend until after summary judgment has been granted to the adverse party, "[i]nterests in judicial economy and finality of litigation become 'particularly compelling.'" Id. at 168. Thus, when analyzing undue delay, the Court must focus on the movant's reasons for not amending sooner. Id.

**III. ANALYSIS**

The Court will first address Plaintiff's claims as to the Woolston Avenue Loan, and then turn to the claims regarding the Addison street property.

**A.  Claims Regarding the Woolston Avenue Loan**

Plaintiff may not amend her Complaint to reinstate previously-dismissed claims regarding the Woolston loan. The Court finds that these claims under the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and the Fair Debt Collection Practices Act ("FDCPA") would be futile because they have already been considered and dismissed by the Court in its November 18, 2013 Order (Doc. No. 55).

Plaintiff also brings new claims as to the Woolston Avenue loan based on settlement discussions between the parties. The content of settlement discussions is "of questionable probative value and admissibility" when set forth in a pleading. Scott v. Township of Bristol, Civ. A. 90-1412, 1991 WL 40354 at *5 (E.D. Pa. Mar. 20, 1991); see also Steak Ummm Co., LLC v. Steak "Em Up, Inc., Civ. A. 09-2875, 2009 WL 3540786 at *2 (E.D. Pa. Oct. 29, 2009)(settlement discussions may be stricken from a complaint where they are impertinent to any defense or immaterial to state the cause of action). The Court finds that the factual allegations based on the settlement negotiations do not state a

claim under the FCEUA, UTPCPL, or FDCPA and are likely inadmissible as evidence, and thus may not form the basis for an amended complaint. The Court will not permit amendment of the Complaint to amend claims as to the Woolston loan.

**B.   Claims Regarding the Addison Street Property**

    1.   <u>Breach of Settlement Agreement Between Plaintiff and JPM</u>

In February 2013, JPM and Plaintiff signed a settlement agreement, a loan modification, and a stipulation of dismissal without prejudice as to the pending foreclosure action regarding the Addison loan. (Doc. No. 79 at 15). Also at that time the parties filed a stipulation of dismissal with prejudice as to "the Loan and Mortgage regarding 5900 Addison Street, Philadelphia, PA" with the Court. (Doc. No. 50 Ex. 1). Plaintiff now alleges that Defendants have breached this agreement by not accepting Plaintiff's mortgages and telling Plaintiff that the Addison Street property is in litigation. (SAC ¶¶ 169-171). Pursuant to this settlement agreement, Plaintiff is barred from bringing claims under the FCEUA, UTPCPL, and FDCPA regarding the Addison loan. <u>See</u> (Doc. No. 78, Ex. 3). Plaintiff may not amend her complaint to assert those claims.

However, Plaintiff's breach of settlement agreement claim is new and distinct from her previously-settled allegations brought under various consumer protection laws. Though Defendants argue that this claim is also barred by the dismissal with prejudice,

"a district court generally has jurisdiction to enforce a settlement agreement entered into under its aegis." Hobbs & Co., Inc. v. American Investors Management, Inc., 576 F.2d 29, 33 (3d Cir. 1978)(internal citation omitted). If the parties have a material dispute over the existence or terms of the settlement agreement, they are typically allowed an evidentiary hearing before a factfinder. Capek v. Mendelson, 821 F. Supp. 351, 354 (E. D. Pa. 1993)(quoting Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991)). Thus, Defendants' arguments based on the language of the Modification Agreement - that Plaintiffs failed to obtain their own insurance for the Addison property and thus JPM purchased force-place insurance - may well be defenses to Plaintiff's claim, but are not a proper basis for denying Plaintiff's Motion to Amend her complaint. The same is true of Defendants' argument that it is the loan modification and related mortgage documents and note, and not the settlement agreement, that is the source of Plaintiff's responsibilities to remit mortgage payments, and that Plaintiff's complaint "lacks credibility." (Doc. No. 79 at 33).

Bearing in mind "the liberal pleading philosophy of the federal rules," Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001), the Court will permit Plaintiff to amend her Complaint to assert a breach of contract claim for breach of the Settlement Agreement. The Court finds that the

claim would not be futile, and that Plaintiff did not engage in undue delay in bringing the claim because she alleges that the breach occurred in 2014. Additionally, the Court finds that the claim will not unduly prejudice or place an undue burden on Defendants given the minimal, if any, discovery necessary to defend against the claim as well as the parties' previously-existing commitment to arbitrate the Woolston Avenue loan.

    2.   Breach of "National Settlement"

Plaintiff states that "Defendant has violated the national settlement which prohibits the bank for six years from getting commissions, kickbacks or reinsurance from the insurance which it obtains when a homeowner's policy lapses," and that such settlement was made pursuant to "U.S. District Judge Federico Moreno's order in Miami." (SAC ¶¶ 208-209). It appears to the Court that Plaintiff is attempting to bring a claim for a breach of settlement in a Florida case unrelated to the present action. Plaintiff has given no indication as to whether she was a party to such settlement, or the terms of the settlement and its reach. Without more factual information, the Court cannot conclude that the settlement in the unrelated case, which Plaintiff refers to only in general terms, provides Plaintiff with a cause of action in the present matter. The Court thus denies Plaintiff's request to amend her claim to include Count Five because amendment would be futile.

**D.    Retaliation / Harassment**

Count Six of Plaintiff's Second Amended Complaint states that JPM "retaliated/harassed Plaintiff." (SAC ¶ 227). Plaintiff does not specify what type of retaliation or harassment she experienced; thus, the Court cannot discern an actionable basis for Plaintiff's claims.[1] The Court finds that amendment to add a claim of "retaliation / harassment" would be futile.

**E.    Defendants' Request to Dismiss All Claims with Prejudice**

Defendant JPM includes in its motion information to address "the Court's concerns regarding whether the evidence in this case permits a juror to find that Plaintiffs may have suffered an ascertainable loss" (Doc. No. 79 at 27), and requests that the Court enter judgment in JPM's favor on the remaining "catch all" claim of the UTPCPL.

The Court interprets this request as a Motion for Reconsideration of its Summary Judgment Order (Doc. No. 55) under Federal Rule of Procedure 60. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(internal citation omitted). An order may be altered or amended if the party seeking

---

[1] While claims for retaliation and harassment in the employment or whistleblower contexts, for example, are certainly actionable, the Court is unaware of a basis to pursue standalone civil claims for retaliation or harassment, nor do the parties cite to one.

reconsideration shows at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010). JPM does not rely on an intervening change in controlling law or the availability of new evidence in its request.

The Court will not reconsider its summary judgment ruling based on the need to correct a clear error of law or fact. JPM's arguments - about the nature of notices Plaintiff received, the explanation for higher monthly payments, the way in which late fees are charged, and the dates on which payments were made by Plaintiff and fees were charged by Defendants - were not raised by Defendants at summary judgment, are not a proper basis for a motion for reconsideration at this juncture, and are best preserved for presentation to the eventual factfinder in this matter.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS in part Plaintiff's Motion to Amend, and DENIES Plaintiff's Motion to Stay.